ARNOLD HOME, INC., *v.* LABOR MEDIATION BOARD.

1. LABOR RELATIONS—ORDER FOR ELECTION—POWERS OF LABOR MEDIATION BOARD—STATUTES—STRIKE VOTE.

The labor mediation board has not the statutory authority to order that an election among employees of a charitable institution for a "strike vote" be held to determine whether a certain union shall be the bargaining agent or representative of the employees, or a certain group of them, in labor matters, where there is no jurisdictional dispute between unions and no evidence of any desire or any request by any part of the employees that they be represented by the union seeking an election by a "strike vote", or that they be represented by any union at all, as their bargaining agent or representative in labor matters (PA 1939, No 176, § 23, as added by PA 1949, No 230).

2. COSTS—LABOR—ELECTION—STATUTES—LABOR MEDIATION BOARD.

No costs are allowed on certiorari to determine power of labor mediation board to order an election at insistence of union, where employees do not seek the representation of such union and there is no jurisdictional dispute between unions, the aim of the union being to establish itself as bargaining agent by such election (PA 1939, No 176, § 23, as added by PA 1949, No 230).

Appeal from Labor Mediation Board. Submitted October 6, 1953. (Docket No. 2, Calendar No. 45,705.) Decided November 27, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to elections of bargaining agent, see 31 Am Jur, Labor §§ 132, 154, 173.

[1] Selection of bargaining agent under National Labor Relations Act. 123 ALR 624.

The Labor Management Relations (Taft-Hartley) Act, 1947, and its effect upon the National Labor Relations (Wagner) Act. 173 ALR 1401.

Effect of National Labor Relations Act to exclude state action. 174 ALR 1051.

The Labor Mediation Board of the State of Michigan ordered a strike vote at Arnold Home, Inc., a nonprofit Michigan corporation. It reviews by appeal in the nature of certiorari. Reversed.

*Clark, Klein, Brucker & Waples,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendant board.

BOYLES, J. This is a statutory proceeding in this Court in the nature of certiorari[*] to set aside an order of the labor mediation board calling a strike vote among certain employees of the plaintiff Arnold Home, Inc. The facts and circumstances are as follows:

The Arnold Home, Inc., hereinafter called the Home, is a charitable institution in Detroit, financed by gifts, contributions and bequests, for the care of persons who are aged and infirm. It houses upwards of 285 aged persons, mostly women, of an average age of 82 years. In employee relationships it deals directly with its employees, and no bargaining agent for any of its employees in labor matters has ever been authorized or certified. In August, 1952, the secretary of Local Union No. 1064, United Catering, Restaurant, Bar & Hotel Workers, C.I.O., a labor organization, hereinafter called the union, wrote counsel for the Home asking whether they would consent to a representation election among the food workers in the Home. Consent was refused. On September 8, 1952, the State labor mediation board received a written request from the secretary of the union that the board "mediate" between the Home and the union "for representation among the food

---

[*] PA 1939, No 176, § 23, as added by PA 1949, No 230. See CLS 1952, § 423.23 (Stat Ann 1950 Rev § 17.454[25]).

workers and nurses aids, employees of the Arnold Home, Inc." The board assigned a mediator to the case. On October 14th the secretary of the union wrote the board that the union had "failed to settle the existing dispute," and asked the board "to conduct a strike vote among the food workers and nurses aids, employees of the Arnold Home, Inc." Counsel for the Home advised the board that the Home did not recognize any union as a duly authorized bargaining agent for employees of the Home and that the Home would not agree to the board holding a "strike vote" among its employees to determine whether Local Union No. 1064, C.I.O., should be certified as the bargaining agent representing its employees.

On November 3, 1952, the labor mediation board ordered a "statutory strike vote" to be held on the premises of the Home on November 14th. In the interim, by request of the board, counsel for the Home appeared before the mediator for the board together with the secretary of the union and a record was made of the objections of the Home to the holding of any "strike vote." They were, that the Home was a charitable organization which did not come within the jurisdiction of the labor mediation board, that the Home did not recognize Local Union No. 1064, C.I.O., as duly authorized bargaining agent for its employees or any of them, that the board had no authority to hold an election for a "strike vote" to determine a bargaining agent, and, finally, that the statutory steps necessary as a condition precedent to conducting a strike vote had not been taken.

The election was postponed to November 28th. Before that date arrived, the Home filed in this Court the instant petition for a writ of certiorari requiring the labor mediation board to certify the record and proceedings in the matter to this Court, asking for a stay of proceedings, and that the board be re-

strained from holding any election by the employees of the Home, or from recognizing the said union as the representative of its employees, until further order of the Court. No objection was interposed by the attorney general on behalf of the board to granting the petition and it was granted accordingly. The writ was issued, and a stay of all proceedings under the order of the board until the further order of this Court was granted. Issue has been joined, briefs filed, and the case submitted.

This case does not involve a jurisdictional dispute between labor unions or an employer over the question which union shall be certified as the bargaining agent or representative of the employees in labor matters. The question here is whether the board, at the request of a certain union, can order a "strike vote," by calling an election among certain employees of an employer to decide whether they will be represented by said union, under the labor mediation act.

No such election has been requested by the employees, or any of them, either for a "strike vote," or for any vote to determine whether a strike will be called, or whether the union here involved, or any other union, shall be selected by them, or a majority of them, or in fact any of them, as their bargaining agent or representative, in dealings between the Home and any of its employees.

The union, in an effort to become the legal representative of certain of the employees of the Home, in labor matters, attempts to accomplish that objective, through the cooperation of the board, by having an election called by the board for a "strike vote."

We find no statutory authority, in the provisions of the act, either those which apply to the taking of a strike vote, or elsewhere, for the ordering by the board of an election among employees for a "strike vote" to determine whether a certain union shall

be the bargaining agent or representative of the employees, or a certain group of the employees as in the case at bar, in labor matters. The act gives the board authority to determine which union shall act as the representative of employees in case of a jurisdictional dispute between unions, but significantly omits similar authority under the present circumstances. No machinery is set up for such an election, under the guise of a "strike vote." The union here involved cannot successfully claim, as yet, that it represents any of the employees of the Home. It seeks to acquire that right by the so-called "strike vote."

The issue here does not involve a dispute between employer and employees. It does not disclose any desire or any request, by any part of the employees of the Home, that they be represented by the labor union here seeking an election by a strike vote, or that they be represented by any union at all, as their bargaining agent or to represent them in labor matters.

The order of the board calling the election is without authority and will be set aside. The temporary stay will be continued in effect. No costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.