SERVICE DRIVERS & HELPERS, CAR WASHERS & GARAGE
EMPLOYEES UNION, TEAMSTERS LOCAL 985, A. F. L.,
*v.* LABOR MEDIATION BOARD.

1. LABOR RELATIONS—EMPLOYEES' PETITION TO HOLD ELECTION.
The labor mediation board was in error in refusing to take
cognizance of requests of a substantial number, perhaps a
majority, of the employees of the employer, to have the board
hold an election to determine whether or not plaintiff union
should be their representative before labor mediation board,
where they made a prima facie showing that they were em-
ployees of the employer and members of the union and
nothing was shown in opposition thereto (CLS 1952, § 423.9a).

2. SAME—EMPLOYEES'. RIGHT TO ORGANIZE—RECOGNITION OF REP-
RESENTATIVE.
Employees have the statutory right to organize for the purpose
of bargaining with their employer through representatives
of their own free choice and such right is not conditioned solely
upon the employer's recognition of the representative (CL 1948,
§ 423.8).

3. SAME—LABOR MEDIATION BOARD—JURISDICTION—ELECTION TO DE-
TERMINE REPRESENTATIVE—STRIKE VOTE.
The plaintiff union and its members, employees of employer
which had refused to cooperate in disclosing whether such
members were its employees, established the right to invoke
the jurisdiction of the labor mediation board to hold an
election whether or not plaintiff union could function as the
bargaining representative of the employees, where they pe-
titioned the board to hold such election and requested a strike
vote (CL 1948, § 423.8; CLS 1952, § 423.9a).

Certiorari by Service Drivers & Helpers, Car
Washers & Garage Employees Union, Teamsters

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 31 Am Jur, Labor §§ 100, 134.

Local 985, A. F. L., directed to Labor Mediation Board of the State of Michigan, to test order denying representative election and strike vote. Submitted February 15, 1955. (Docket No. 75, Calendar No. 46,309.) Reversed and remanded April 14, 1955.

George S. Fitzgerald (Padway, Goldberg & Previant, of counsel), for plaintiff.

Thomas M. Kavanagh, Attorney General, Edmund E. Shepherd, Solicitor General, and Daniel J. O'Hara, Assistant Attorney General, for defendant.

BOYLES, J. On leave granted the plaintiff labor union has filed here a petition for certiorari to the State labor mediation board* to set aside a ruling or order of said board denying plaintiff's request to conduct an election for the purpose of determining whether the plaintiff union represents a majority of the employees of the M P Auto Wash, and whether said employees desire to go on strike. The attorney general has filed here a statement of his position and recommended that leave to appeal in the nature of certiorari be granted.

The record here shows that the M P Auto Wash at different times has from 3 to 15 employees, depending on the amount of customer business at any particular time. Five of its employees who were members of the plaintiff union joined in the request for an election.† Three additional letters from 3 other individual employees were filed with the board, also requesting a strike vote. All of them stated that they authorized the plaintiff labor union to represent them.

The employer M P Auto Wash refused to join in mediation, refused to cooperate to ascertain wheth-

---

\* CLS 1952, § 423.23 (Stat Ann 1950 Rev § 17.454[25]).

† CLS 1952, § 423.9a (Stat Ann 1950 Rev § 17.454[10]).

er the 8 individuals were its employees, and the board refused to recognize or act on the request of the union and of those who claimed to be employees, all of whom had asked for action by the board. For its refusal, the board relied on *Arnold Home, Inc.,* v. *Labor Mediation Board,* 338 Mich 315.

The distinction between the factual basis for that decision and the facts in the instant matter is plain. In the *Arnold Home Case* we said (pp 318, 319):

"The question here is whether the board, at the request of a certain union, can order a 'strike vote,' by calling an election among certain employees of an employer to decide whether they will be represented by said union, under the labor mediation act.

"No such election has been requested by the employees, or any of them, either for a 'strike vote,' or for any vote to determine whether a strike will be called, or whether the union here involved, or any other union, shall be selected by them, or a majority of them, or in fact any of them, as their bargaining agent or representative, in dealings between the Home and any of its employees.

"The union, in an effort to become the legal representative of certain of the employees of the Home, in labor matters, attempts to accomplish that objective, through the cooperation of the board, by having an election called by the board for a 'strike vote.'  *  *  *

"The union here involved cannot successfully claim, as yet, that it represents any of the employees of the Home. It seeks to acquire that right by the so-called 'strike vote.'

"The issue here does not involve a dispute between employer and employees. It does not disclose any desire or any request, by any part of the employees of the Home, that they be represented by the labor union here seeking an election by a strike vote, or that they be represented by any union at all, as their bargaining agent or to represent them in labor matters."

In the instant matter, on the contrary, the record here indicates that a substantial number, perhaps a majority, of the employees of the M P Auto Wash have requested the board to hold an election to determine whether the plaintiff union should be their representative before the labor mediation board, and to conduct a strike vote.

The labor mediation board was in error in refusing to take cognizance of the requests. The petitions filed with the board by the union and (so far as shown by the record here) by a majority of the employees, made at least a prima facie showing that the individual petitioners were employees of the M P Auto Wash and members of said union. There was nothing shown in opposition, nor any occasion for the board to insist that the employer confirm that they were employees, before the board acted on their requests. The employer, although so requested by the board, refused to cooperate, or to disclose whether the petitioners were employees. We agree with the opinion of the attorney general,[1] who represents the defendant board here, wherein it states:

"As was pointed out in opinion No 1518,[2] the employees have the right under section 8 of the act[3] to organize for the purpose of bargaining with their employer 'through representatives of their own free choice.' If this right were conditioned upon the recognition by the employer of said representative, the purpose of the statute could be defeated by the refusal of the employer to recognize the representative. Where there has been no bargaining relationship between an employer and a union, but your board is satisfied from an investigation that the

[1] Opinions of Attorney General, 1952–1954, p 295, No 1744.—Reporter.

[2] The prior opinion referred to is in Opinions of Attorney General, 1950–1952, p 447, No 1518.—Reporter.

[3] CL 1948, § 423.8 (Stat Ann 1950 Rev § 17.454[8]).—Reporter.

representative requesting the strike vote is in fact the employees' free choice representative, although the company has declined to recognize it, the employees would have a right to a strike vote under the issues of wage increase and employer's contribution."

On the record here, the showing made by the plaintiff union and the individuals established that they were employees of the M P Auto Wash sufficient to invoke the jurisdiction of the board. An order will be entered here setting aside the ruling and order of the board and the matter remanded to the board to take further action consistent with the provisions of the labor mediation act.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.