ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 89911. Submitted December 17, 1986, at Lansing. Decided May 14, 1987. Leave to appeal applied for.

Michigan Gas Utilities Company filed two applications with the Public Service Commission on December 3, 1982, one requesting authority to incorporate a gas cost recovery clause into its rate schedules, the other requesting the PSC to conduct a gas supply and cost review in order to approve MGU's gas cost recovery plan, evaluate MGU's five-year forecast and establish gas cost recovery factors. The PSC approved incorporation of a gas cost recovery clause into the rate schedules and approved gas cost recovery factors for MGU for the months of March, 1983, through December, 1983. The Attorney General and the Residential Ratepayer Consortium separately appealed these orders to the Ingham Circuit Court. The cases were consolidated in the circuit court and that court affirmed the decision of the PSC on December 18, 1985, Thomas L. Brown, J. The Attorney General appealed.

The Court of Appeals *held:*

1. The Attorney General's contentions that the Legislature unconstitutionally delegated its authority by enacting a statute allowing the PSC to incorporate a gas cost recovery clause in the rate or rate schedules of a utility and that the statute is void for vagueness because it does not provide any general standard to guide the commission in the exercise of its discretion as to when a gas cost recovery application should be approved are rejected. The statute is capable of being construed as valid. There was no improper delegation of power to the PSC from the Legislature with respect to the establishment and implementation of the gas cost recovery clause.

2. The Attorney General's contention that § 9 of the gas cost recovery statute was implicitly repealed by Proposal H when that proposal was adopted by referendum in the November,

REFERENCES

Am Jur 2d, Administrative Law §§ 40-43, 100-130.

Am Jur 2d, Public Utilities §§ 276 *et seq.*

Am Jur 2d, Statutes §§ 142 *et seq.*; 378 *et seq.*

See also the annotations in the Index to Annotations under Utilities.

1982, general election because § 9 conflicted with the proposal is also rejected. There is no conflict between Proposal H and § 9 of the gas cost recovery act.

3. The Attorney General's argument that the PSC exceeded the scope of its authority when it ruled that some customer classes could be exempted from paying a- gas cost recovery factor is without merit.

4. The circuit court did not err in upholding the PSC's determination that the terms "reasonable" and "prudent" as used in the gas cost recovery statute have the same meaning. The interpretations of "reasonable and prudent" by the PSC, that the two words do not make past and present tense distinctions and can be read together as a phrase, was not contrary to the ordinary and common meaning of the words and give effect to the legislative intent.

Affirmed.

1. ADMINISTRATIVE LAW — DELEGATION˙OF POWER — STATUTES.

The guiding principles in determining whether a statute provides sufficient standards for delegation of authority are: (1) the act in question must be read as a whole and the provision in question construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; (3) if possible, the statute must be construed as valid, i.e., it must be construed as conferring administrative, not legislative, power and as giving discretionary, not arbitrary, authority; and (4) the statute must satisfy due process requirements.

2. STATUTES — JUDICIAL CONSTRUCTION — REPEAL OF STATUTES.

The question whether a statute is repealed by a subsequent statute relating to the same subject matter involves a determination of the legislative intent, which is entitled to the utmost respect when clearly expressed; the presumption is against a repeal by implication; the statutes must be construed together and reconciled, with each being given force and effect, if possible.

3. GAS AND OIL — GAS COST RECOVERY — PROPOSAL H.

Proposal H, adopted by referendum in the November, 1982, general election, does not conflict with, and therefore did not implicitly repeal, § 9 of the gas cost recovery statute (MCL 460.6a, 460.6h[9]; MSA 22.13[6a], 22.13[6h][9]).

4. PUBLIC UTILITIES — PUBLIC SERVICE˙COMMISSION — JUDICIAL REVIEW.

All rates, fares, charges, classifications and joint rates, regula-

tions, practices, and services prescribed by the Public Service Commission are deemed, prima facie, to be lawful and reasonable (MCL 462.25; MSA 22.44).

5. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — BURDEN OF PROOF.

Any person attacking an order of the Public Service Commission has the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable (MCL 462.26[e]; MSA 22.45[e]).

6. PUBLIC UTILITIES — GAS COST RECOVERY — FUEL PURCHASES — REASONABLE AND PRUDENT ACTIONS.

The Legislature, in enacting the gas cost recovery statute, intended that the determination of whether the actions of a public utility in purchasing fuel were reasonable and prudent should be made in light of existing conditions at the time the decision to purchase the fuel was made; the words "reasonable" and "prudent," as used in the statute, do not make past and present tense distinctions and can be read together as a phrase (MCL 460.6h; MSA 22.13[6h]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Patricia S. Barone*, Assistant Attorneys General, for the Michigan Public Service Commission.

*Honigman, Miller, Schwartz & Cohn* (by *Daniel J. Demlow* and *Frederick M. Baker, Jr.*), and *William F. Braeuninger,* for Michigan Gas Utilities Company.

Before: M. J. KELLY, P.J., and SULLIVAN and D. R. CARNOVALE,* JJ.

PER CURIAM. On December 3, 1982, Michigan

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Gas Utilities Company (MGU) filed an application with the Public Service Commission requesting authority to incorporate a gas cost recovery clause into its rate schedules. This became PSC case No. U-7483. On the same day MGU also filed an application requesting the PSC to conduct a gas supply and cost review in order to approve MGU's gas cost recovery plan, evaluate MGU's five-year forecast and establish gas cost recovery factors. This became PSC case No. U-7484.

Subsequently, following hearings, the PSC approved incorporation of a gas cost recovery clause into the rate schedules of MGU (U-7483), and approved gas cost recovery factors for MGU for the months of March, 1983, through December, 1983, (U-7484). The Attorney General and the Residential Ratepayer Consortium separately appealed these orders to the Ingham Circuit Court. The cases were consolidated in the circuit court and that court affirmed the decision of the PSC on December 18, 1985. The Attorney General appeals as of right. We affirm.

I

The Attorney General's first claim in this appeal is that the Legislature unconstitutionally delegated its authority by allowing the PSC to incorporate a gas cost recovery clause in the rates or rate schedules of a utility. MCL 460.6h(1)(b); MSA 22.13(6h)(1)(b) defines a gas cost recovery clause as "an adjustment clause in the rates or rate schedule of a gas utility which permits the monthly adjustment of rates for gas in order to allow the utility to recover the booked costs of gas sold by the utility if incurred under reasonable and prudent policies and practices."

MCL 460.6h(2); MSA 22.13(6h)(2) provides that

the PSC "may incorporate a gas cost recovery clause in the rates or rate schedule of a gas utility, but is not required to do so."

The Attorney General contends that this statute is void for vagueness since it does not provide any general standard to guide the commission in the exercise of its discretion as to when a gas cost recovery application should be approved, thereby delegating legislative authority to the PSC.

In order to determine whether adequate standards have been adopted in the delegation of statutory power, the following guidelines have been adopted by our Supreme Court. First, the act in question must be read as a whole; the provision in question must be construed with reference to the entire act. Next, the standard should be as reasonably precise as the subject matter requires or permits. Third, if possible, the statute must be construed as being valid, that is, it must be construed as conferring administrative, not legislative, power and as giving discretionary, not arbitrary, authority. Last, the statute must satisfy due process requirements. See *People v Turmon,* 417 Mich 638, 644-645; 340 NW2d 620 (1983); *Dep't of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976).

Reading the gas cost recovery statute as a whole, it meets the requirement that it provide standards as reasonably precise as the subject matter requires or permits. The statute provides that a gas cost recovery clause cannot be approved to recover booked costs of gas sold by the utility if those costs are not incurred under policies and practices which are both reasonable and prudent. The statute also contains an extensive scheme for review of gas costs and for participation by interested parties in the application approval process.

These necessary standards, required for approval of a gas cost recovery clause, provide sufficient guidelines for the commission, in the exercise of its discretion, to approve or disapprove an application. The provisions in the statute that provide for participation by interested parties at the hearings before the commission satisfy due process requirements.

For these reasons the statute is capable of being construed as valid. There was no improper delegation of power to the PSC from the Legislature with respect to the establishment and implementation of the gas cost recovery clause.

II

The Attorney General's next claim is that § 9 of the gas cost recovery statute, MCL 460.6h; MSA 22.13(6h), was implicitly repealed by Proposal H when that proposal was adopted by referendum in the November, 1982, general election. MCL 460.6h(9); MSA 22.13(6h)(9) provides in part:

> If the commission has not made a final or temporary order within 3 months of the submission of a complete gas cost recovery plan, or by the beginning of the period covered in the plan, whichever comes later, or if a temporary order has expired without being extended or replaced, then pending an order which determines the gas cost recovery factors, a gas utility may each month adjust its rates to incorporate all or a part of the gas cost recovery factors requested in its plan. Any amounts collected under the gas cost recovery factors before the commission makes its final order shall be subject to prompt refund with interest to the extent that the total amounts collected exceed the total amounts determined in the commission's final order to be reasonable and prudent for the same period of time.

Proposal H, now MCL 460.6a; MSA 22.13(6a), provides in part:

(1) When any finding or order is sought by any gas, telephone or electric utility to increase its rates and charges or to alter, change or amend any rate or rate schedules, the effect of which will be to increase the cost of services to its customers, notice shall be given within the service area to be affected. When such utility shall have placed in evidence facts relied upon to support its petition or application to so increase its rates and charges, or to so alter, change or amend any rate or rate schedules, the commission, pending the submission of all proofs by any interested parties, may in its discretion and upon written motion by such utility make a finding and enter an order granting partial and immediate relief, after first having given notice to the interested parties within the service area to be affected in the manner ordered by the commission, and after having afforded to such interested parties reasonable opportunity for a full and complete hearing: Provided, That no such finding or order shall be authorized or approved ex parte, nor until the commission's technical staff has made an investigation and report: And provided further, That any alteration or amendment in rates or rate schedules applied for by any public utility which will result in no increase in the cost of service to its customers may be authorized and approved without any notice or hearing. There shall be no increase in rates based upon changes in cost of fuel or purchased gas unless notice has been given within the service area to be affected, and there has been an opportunity for a full and complete hearing on the cost of fuel or purchased gas. The rates charged by any utility pursuant to an automatic fuel or purchased gas adjustment clause on the effective date of the amendatory act that added this sentence shall not be altered, changed, or amended unless notice has been given within the service area to be affected, and there

has been an opportunity for a full and complete hearing on the cost of the fuel or purchased gas.

The Attorney General argues that since Proposal H prohibits automatic adjustment clauses and permits adjustment clauses only after notice and opportunity for a full and complete hearing, § (9) of the previously enacted gas cost recovery statute was implicitly repealed since it conflicts with Proposal H by providing for an automatic adjustment clause without an opportunity for a full and complete hearing if the PSC fails to make a final or temporary order within three months of submission of a gas cost recovery plan.

The question whether a statute is repealed by a subsequent statute relating to the same subject matter involves a determination of legislative intent, and where legislative intent is clearly expressed it should be given utmost respect; the presumption is against repeal by implication. *People v Waterman,* 137 Mich App 429, 432-433; 358 NW2d 602 (1984). If possible the former and subsequent statutes must be construed together and reconciled with each being given force and effect. *Id.* at 433.

There is no express provision in Proposal H providing for repeal of any provision in the gas cost recovery statute. Although Proposal H was passed by referendum, it, along with the gas cost recovery statute, was enacted in 1982 by the Legislature; therefore, it is reasonable to assume that the Legislature intended that both statutes should be given effect. After a reading of Proposal H it is apparent that what was sought to be accomplished was to put an end to automatic adjustment clauses to the extent that they operated without an opportunity for a full and complete hearing. Section 9 of the gas cost recovery statute does not conflict with

the requirements of Proposal H since it provides an opportunity for a full and complete hearing.

In essence, all Proposal H requires is an opportunity for a full and complete hearing and § 9 of the gas cost recovery statute provides not only an opportunity for a full and complete hearing, but ultimately requires such a hearing and, depending upon the findings following the hearing, a refund could be in order. There is no conflict between Proposal H and § 9 of the gas cost recovery act.

### III

The Attorney General's next argument is that the PSC exceeded the scope of its statutory authority when it ruled that some customer classes could be exempted from paying a gas cost recovery factor. The Attorney General claims that the gas cost recovery statute requires all customers to bear the burden of adjustments via the gas cost recovery factors and any creation of an exemption to this burden by the PSC was in excess of its statutory authority.

That part of the gas cost recovery clause approved by the PSC for MGU and challenged by the Attorney General provides:

> All rates for gas service, unless otherwise provided in the applicable rate schedule, shall include a Gas Cost Recovery Factor to allow the Company to recover the booked costs of gas sold by the Company if incurred under reasonable and prudent policies and practices.

The key phrase is, "unless otherwise provided in the applicable rate schedule."

The PSC created an exemption from the gas cost recovery factor for designated dual fuel customers of MGU based on the phrase quoted above. The

Attorney General contends that the PSC was without statutory authority to do this. The Attorney General's claim amounts to a challenge directed at rate structure or design.

All rates, fares, charges, classifications and joint rates, regulations, practices, and services prescribed by the PSC are deemed, prima facie, to be lawful and reasonable. *Attorney General v Public Service Comm #1,* 133 Mich App 719, 725; 349 NW2d 539 (1984), lv den 422 Mich 910 (1985); *Michigan Consolidated Gas Co v Public Service Comm,* 389 Mich 624; 209 NW2d 210 (1973). To attack an order of the PSC one must prove by clear and satisfactory evidence that the order complained of is unlawful or unreasonable. MCL 462.26(e); MSA 22.45(e).

The Attorney General claims the exemption given to certain classes of customers to the gas cost recovery clause was unlawful because the PSC exceeded its statutory authority under § 6h of the gas cost recovery statute. The Attorney General's claim is without merit. The language of § 6h(6) states that the PSC, in determining to implement a gas cost recovery clause, shall consider: " . . . the volume, cost, and reliability of the major alternative gas supplies available to the utility; the cost of alternative fuels available to some or all the utility's customers . . . ."

By requiring the PSC to consider the cost of alternative fuels available to some or all the utility's customers when ruling on an application for a gas cost recovery clause, the Legislature implicitly granted the PSC the discretionary power to institute a gas cost recovery clause for a utility and to allocate the applicability of the clause between customer classes in its discretion.

The allowance for an exemption to the gas cost recovery clause was also reasonable since applica-

tion of the clause to all classes of customers could result in inducing large industrial customers with dual fuel capability to switch from gas power to an alternative fuel to the detriment of all other classes.

IV

The Attorney General's final claim is that the circuit court erred in ruling that the terms "reasonable" and "prudent," as used in MCL 460.6h; MSA 22.13(6h), have the same meaning. The Residential Ratepayer Consortium had argued before the PSC, and again before the circuit court, that the term "prudent," as used in the statute, is the standard for evaluating the process followed in making a decision at the time the decision is made, and that the term "reasonable," as used in the statute, is the standard for evaluating the present consequences of that decision. The PSC held:

> [T]he common usage of those words does not make that past and present tense distinction, and it is not necessarily true that the Legislature intended the words to have distinct meanings. The two words may have been intended as a phrase. In any event, it is not proper to interpret these words as RRC proposes without a clearer indication that the Legislature so intended.

The Attorney General argues that a utility's costs must be prudent, i.e., the result of good judgment and planning, and they must be reasonable in light of current circumstances. Based on this theory the Attorney General concludes that the terms reasonable and prudent require that prices be no higher than current market levels, since gas costs in excess of current market price are inherently unreasonable.

The definition of these words is important since a utility is only allowed to recover, under the gas cost recovery clause, booked costs of gas sold by the utility and incurred under reasonable and prudent policies and practices. The evidence presented before the PSC by MGU in its request for a gas cost recovery clause was that MGU had entered into long term contracts at a time when liquefied natural gas was in short supply, believing it to be desirable to have an assured supply despite higher costs. Subsequently, the market for liquefied natural gas changed drastically. This resulted in MGU having booked gas costs in excesss of market price at the time of its application. The PSC determined that MGU's decision to enter into these long term contracts was reasonable and prudent.

The first rule of statutory construction is to give effect to the legislative intent. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 567; 331 NW2d 456 (1982). When interpreting a statute, words should be given their ordinary meanings. *Goethal v Kent Co Supervisors,* 361 Mich 104; 104 NW2d 794 (1960); *Bailey v DAIIE,* 143 Mich App 223; 371 NW2d 917 (1985), lv den, 424 Mich 867 (1986).

The statute here provides, in the clause where a gas cost recovery clause is defined, for "the booked costs of gas sold by the utility if incurred under reasonable and prudent policies and practices." Since the word "incurred" is used in the past tense, it is logical to assume that the Legislature intended that the determination whether the actions of a utility were reasonable and prudent should be made in light of existing conditions at the time the decision to purchase the gas was made.

The interpretation of "reasonable and prudent" by the PSC, that these two words do not make past and present tense distinctions and can be read

together as a phrase, was not contrary to the ordinary and common meaning of the words, and gave effect to the legislative intent.

The decision of the circuit court is affirmed.