RESIDENTIAL RATEPAYER CONSORTIUM v PUBLIC SERVICE
COMMISSION #1

Docket Nos. 90392, 90393. Submitted April 9, 1987, at Lansing.
Decided May 2, 1988.

The Michigan Public Service Commission issued orders establish-
ing power supply cost recovery clauses in Consumers Power
Company's rate schedules in two cases despite opposition from
the Residential Ratepayer Consortium (RRC) and the Attorney
General. The Ingham Circuit Court, Thomas L. Brown, J.,
affirmed the orders. The Attorney General filed separate ap-
peals challenging the circuit court's affirmance of the orders.
The appeals have been consolidated.

The Court of Appeals *held:*

1. Section 2 of the gas cost recovery statute is constitutional.

2. Proposal H, adopted by referendum in the November, 1982,
general election, did not implicitly repeal § 9 of the gas cost
recovery statute.

3. The commission did not exceed its authority when it ruled
that some customer classes could be exempted from paying a
power supply cost recovery factor.

4. The Attorney General's argument that the commission
acted unlawfully by approving a levelized power supply cost
recovery factor for the entire year instead of adopting a
monthly recovery factor is frivolous. The commission properly
acted within its discretion in approving an annual power
supply cost recovery factor.

Affirmed.

1. GAS AND OIL — PUBLIC UTILITIES — GAS COST RECOVERY — PUBLIC
SERVICE COMMISSION.

Section 6j(2) of the Public Service Commission act is not an
unconstitutional delegation of legislative power since it pro-
vides sufficiently precise standards to guide the Public Service

REFERENCES

Am Jur 2d, Administrative Law §§ 36 *et seq.,* 100 *et seq.*
Am Jur 2d, Public Utilities §§ 230 *et seq.*
Am Jur 2d, Statutes §§ 142 *et seq.,* 378 *et seq.*
See the Index to Annotations under Utilities.

Commission in incorporating gas cost recovery clauses into the rates of gas utilities (MCL 460.6j[2]; MSA 22.13[6j][2]).

2. GAS AND OIL — GAS COST RECOVERY — PROPOSAL H.

Proposal H, adopted by referendum in the November, 1982, general election, does not conflict with, and therefore did not implicitly repeal, § 6j(9) of the Public Service Commission act (MCL 460.6a, 460.6j[9]; MSA 22.13[6a], 22.13[6j][9]).

3. GAS AND OIL — GAS COST RECOVERY — ANNUAL LEVELIZED FACTORS.

Annual levelized power supply cost recovery factors are not unlawful under § 6j of the Public Service Commission act (MCL 460.6j; MSA 22.13[6j]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Michigan Public Service Commission.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis*), for Consumers Power Company.

Before: M. J. KELLY, P.J., and H. HOOD and E. F. OPPLIGER,* JJ.

PER CURIAM. The Attorney General appeals as of right from the order of the Ingham Circuit Court affirming orders of the Michigan Public Service Commission in Case Nos. U-7511 and U-7512, establishing power supply cost recovery clauses in Consumers Power Company's rate schedules.

The Attorney General has raised essentially the identical issues in a number of separate appeals

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from orders of the commission. We have consistently found these appeals to be without merit.

In *Attorney General v Public Service Comm,* 161 Mich App 506; 411 NW2d 469 (1987), we were faced with three issues analytically identical to the first three issues raised by the Attorney General in this appeal. No new argument has been raised and we are unpersuaded of any reason to change our prior decision.

Accordingly, we address the Attorney General's first three issues summarily: (1) MCL 460.6j(2); MSA 22.13(6j)(2) is constitutional since it provides sufficiently precise standards to guide the Public Service Commission; (2) Proposal H did not implicitly repeal MCL 460.6j(9); MSA 22.13(6j)(9), since they are not incompatible; and (3) the commission did not exceed its authority when it ruled that some customer classes could be exempted from paying a power supply cost recovery factor (PSCR). We also note that there is presently no real dispute since no customer class has been exempted. With regard to the second and third issues raised above, we also rejected them in *Attorney General v Public Service Comm,* 158 Mich App 670; 405 NW2d 386 (1986).

The Attorney General's remaining issue is also without merit and will be addressed briefly. The Attorney General argues that the commission acted unlawfully by approving a levelized (averaged) PSCR factor for the entire year instead of adopting a monthly recovery factor. This claim is frivolous. We agree with the circuit court that levelized factors are not unlawful under MCL 460.6j; MSA 22.13(6j), particularly considering that the factors are variable up to the limits set on the PSCR factor. We agree with the commission that no advantage would be served by engaging in the

more difficult task of computing monthly factors, especially given the annual reconciliation process. The commission properly acted within its discretion in approving an annual PSCR factor.

Affirmed.