ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket Nos. 90736, 90737. Submitted June 9, 1987, at Lansing. Decided June 1, 1988.

The Public Service Commission, in two separate rate cases, established power supply cost recovery clauses in the rate schedules for The Detroit Edison Company. The Attorney General sought review of those rate orders of the PSC in Ingham Circuit Court. The court, Jack W. Warren, J., affirmed the orders of the PSC. The Attorney General appealed.

The Court of Appeals *held*:

1. The power supply cost recovery statute does not constitute an impermissible grant of power, there being sufficiently precise standards to guide the PSC.

2. The power supply cost recovery provision was not implicitly repealed by Proposal H.

3. It was proper for the PSC to adopt an annual average power supply cost recovery factor rather than a monthly factor.

4. The evidence offered by Detroit Edison which was produced through the use of a proprietary computer modeling program need not be stricken merely because of the proprietary nature of the computer program, since the Attorney General had adequate opportunity to cross-examine witnesses regarding the program.

Affirmed.

1. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — POWER SUPPLY COST RECOVERY FACTOR — PROPOSAL H.

The power supply cost recovery provision of the public service commission act does not constitute an impermissible grant of legislative power, there being sufficiently precise standards to guide the Public Service Commission; that provision was not implicitly repealed by Proposal H as adopted by referendum in November, 1982 (MCL 460.6j[2]; MSA 27.13[6j][2]).

REFERENCES

Am Jur 2d, Public Utilities §§ 240 *et seq.*

See the Index to Annotations under Electricity and Electric Companies; Public Service Commissions; Utilities.

2. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — POWER SUPPLY
    COST RECOVERY FACTOR.

> The Public Service Commission, in setting a power supply cost
> recovery factor, may choose to adopt an annualized average
> factor rather than adopting a monthly factor (MCL 460.6j; MSA
> 27.13[6j]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Public Service Commission.

*Thomas A. Hughes* and *Bruce R. Maters,* and *Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Sidney M. Berman*), for The Detroit Edison Company.

Before: GRIBBS, P.J., and HOLBROOK, JR., and W. MOORE, JR.,* JJ.

PER CURIAM. The Attorney General appeals as of right from the opinion and order of the Ingham Circuit Court affirming orders of the Michigan Public Service Commission in Case Nos. U-7510 and U-7550, establishing power supply cost recovery clauses in Detroit Edison's rate schedules.

The Attorney General has raised essentially the identical issues in a number of separate appeals from orders of the Michigan Public Service Commission. We have consistently found these appeals to be without merit.

In *Attorney General v Public Service Comm,* 161 Mich App 506; 411 NW2d 469 (1987), lv den 429

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Mich 879 (1987), we were faced with three issues analytically identical to the first three issues raised by the Attorney General in this appeal. No new argument has been raised and we are unpersuaded of any reason to change our prior decision.

Accordingly, we address the Attorney General's first three issues summarily: (1) MCL 460.6j(2); MSA 22.13(6j)(2), is constitutional since it provides sufficiently precise standards to guide the Public Service Commission; (2) Proposal H did not implicitly repeal MCL 460.6j(9); MSA 22.13(6j)(9), since they are not incompatible; and (3) the Public Service Commission did not exceed its authority when it ruled that some customer classes could be exempted from paying a power supply cost recovery (PSCR) factor. We also note that there is presently no real dispute since no customer class has been exempted. With regard to the second and third issues raised above, we also rejected them in *Attorney General v Public Service Comm,* 158 Mich App 670; 405 NW2d 386 (1986), lv den 428 Mich 880 (1987).

The Attorney General's remaining two issues are also without merit and will be addressed briefly. The Attorney General argues that the MPSC acted unlawfully by approving a levelized (average) PSCR factor for the entire year instead of adopting a monthly recovery factor. This claim is frivolous. We agree with the circuit court that levelized factors are not unlawful under MCL 460.6j; MSA 22.13(6j), particularly considering that the factors are variable up to the limit set on the PSCR factor. We agree with the MPSC that no advantage would be served by engaging in the more difficult task of computing monthly factors, especially given the annual reconciliation process. The MPSC properly acted within its discretion in approving an annual PSCR factor.

Finally, the Attorney General argues that the MPSC should have granted his motion to strike any evidence based on Edison's use of the PROMOD III computer program, since his discovery request for this program was denied. The Attorney General's argument is misguided, since it rests on the erroneous premise that discovery was denied on the basis of privilege when, in fact, it was denied on the basis that the program was the protected proprietary property of a third party who had not been brought into the proceedings. Moreover, the record demonstrates that the Attorney General could have obtained the program under reasonable conditions and that in any event he had a sufficient understanding of this computer model. Furthermore, our review of the record evidences that the Attorney General suffered no prejudice through the use of the PROMOD III computer program by witnesses for Detroit Edison since, as also found by the MPSC, he was able to adequately cross-examine those witnesses regarding the program. The Attorney General's claim that its motion to strike should have been granted lacks any merit.

Affirmed.