LOCAL NO. 1644, AFSC&ME, AFL-CIO, v.
OAKWOOD HOSPITAL CORPORATION.

1. LABOR RELATIONS—COLLECTIVE BARGAINING—HOSPITALS.
    A hospital, as an employer, has a duty to bargain collectively
    with representatives of the employees under the labor media-
    tion act (PA 1939, No 176, as amended by PA 1949, No 230).

2. CONSTITUTIONAL LAW—POLICE POWER—CLASSIFICATION.
    A legislative body may properly resort to classification under
    the police power.

3. LABOR RELATIONS — HOSPITALS — PUBLIC UTILITIES — COLLECTIVE
   BARGAINING—STRIKES—PUBLIC INTEREST.
    The classification of hospitals and public utilities under the labor
    mediation act, separately from other employers, and compelling
    such 2 classes to engage in collective bargaining in good faith
    with representatives of their employees, and prohibiting latter
    from striking, is in harmony with the general purpose of the
    act to promote industrial peace and to insure continued opera-
    tion which is in the public interest (PA 1939, No 176, as
    amended by PA 1949, No 230).

4. SAME—ELECTIONS—COSTS—EQUALLY DIVIDED COURT.
    Provision of decree in suit to compel defendant hospital to
    engage in collective bargaining with plaintiff local union, that
    defendant pay costs of holding election to determine whether
    plaintiff union represented a majority of defendant's em-
    ployees, which election had been conducted under the direction
    of the court is affirmed by a court equally divided as to whether
    the defendant should pay all or only 1/2 of such cost (PA 1939,
    No 176, as amended by PA 1949, No 230).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 31 Am Jur, Labor § 359.
    Nonprofit charitable institutions as within operation of labor stat-
    utes. 26 ALR2d 1020.
[2] 12 Am Jur, Constitutional Law § 476.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 3, 1962. (Docket No. 20, Calendar No. 49,283.) Decided July 2, 1962.

Bill by Local No. 1644, American Federation of State, County and Municipal Employees, AFL-CIO,. Public Employees Council No. 77, AFSC&ME, AFL-CIO, and Juliann Havrilak against Oakwood Hospital Corporation, a Michigan nonprofit corporation, to compel it to engage in collective bargaining and for other incidental relief. The Attorney General intervenes for sole purpose of defending constitutionality of labor mediation act. Decree for plaintiffs. Defendant appeals. Affirmed, the court being equally divided as to matter of modification: as to costs of election.

*Zwerdling, Zwerdling & Klimist* (*A. L. Zwerdling* and *Maurice Kelman,* of counsel), for plaintiffs.

*McClintock, Fulton, Donovan & Waterman* (*Stanley H. Fulton* and *Nancy Jean Van Lopik,* of counsel), for defendant.

*Frank J. Kelley,* Attorney General, *Joseph B.. Bilitzke,* Solicitor General, and *Maurice M. Moule,.* Assistant Attorney General, for intervenor.

KAVANAGH, J. This is an action in chancery by plaintiffs, Local No. 1644, American Federation of State, County and Municipal Employees, AFL-CIO, Public Employees Council No. 77, AFSC&ME, AFL-CIO, and Juliann Havrilak, an employee of defendant, to compel defendant hospital to engage in collective bargaining with plaintiffs, as provided under the Michigan labor mediation act, as.

amended.* Defendant Oakwood Hospital Corporation is a Michigan nonprofit corporation located in the city of Dearborn.

In February, 1959, plaintiff Local No. 1644 initiated requests for collective bargaining, and defendant hospital refused. Plaintiff subsequently, in April, 1959, requested the Michigan labor mediation board to intervene under the provisions of the act. Both parties were represented at a meeting with Mr. Quillico, the board's mediator, on May 20, 1959. At that time, according to the testimony, the union submitted employee authorization cards to the mediator. The mediator cross-checked these against the hospital's records, making a determination that the union had cards for 37 out of the 45 employees in the housekeeping department of the hospital.

Thereafter, the union filed additional authorization cards for nurses aides, orderlies, and employees in the dietary department of the hospital, and a subsequent procedure before the same mediator produced a determination that the union had authorization cards for 78 out of the 144 employees in these departments.

The union representatives also indicated they secured additional authorization cards from employees in the laundry, maintenance, and miscellaneous categories which had not yet been formally presented to the mediation board.

The union's position is, that while they commenced organization with the housekeeping employees of the hospital, and have since proceeded to organize some other departments of the hospital, it is their intention to organize as a single collective bargaining unit all of the unskilled, nonclerical employees of the Oakwood Hospital.

* PA 1939, No 176, as amended (CL 1948 and CLS 1956, § 423.1 *et seq.* [Stat Ann 1960 Rev § 17.454(1) *et seq.*]).

The hospital's position is. that there is. no legal duty or obligation on its part to recognize or talk to or bargain with the union. The extension of the hospital's position is that so long as it refuses to recognize the union, it has no duty to bargain collectively with regard to wages, fringe payments, seniority rights, or union recognition, which have been made issues in this labor dispute.

The issues between the parties could not be settled by the board's mediator, and on June 2, 1959, the dispute was certified to the governor, who appointed a special commission in accordance with sections 13a and 13b of the act,* to conduct hearings and issue findings and recommendations.

Subsequently, a similar dispute between the same parties, existing in other departments of the hospital, was referred by the governor on July 29, 1959, to the same special commission.

The special commission made the following recommendations:

"1. That this matter be referred back to the labor mediation board, and that that board determine that the appropriate bargaining unit for the Oakwood hospital consist of all employees except managerial, office, supervisory, executive, professional, and skilled trades employees, as more fully described above.

"2. That the labor mediation board conduct an appropriate election within the bargaining unit as so determined.

"3. That the hospital be advised of its obligation under the act to bargain collectively at all times with the union representing its employees under section 13a, subd (3) (a), and of the injunctive relief provisions of section 22 of the act,† which the legis-

- * CLS 1956, §§ 423.13a, 423.13b (Stat Ann 1960 Rev §§ 17.454 [14.2], 17.454[14.3]).—REPORTER.
† CLS 1956, § 432.22 (Stat Ann 1960 Rev § 17.454[23]).—REPORTER.

lature provided to insure fulfillment of this obligation.

"4. That the parties hereto be reminded that the legislature has declared as the public policy of this State, 'that the best interests of the people of the State are served by the prevention or the prompt settlement of labor disputes.'"

The following additional recommendations were made:

"A. That the election to be conducted within the bargaining unit above described be held solely on the question of representation of the Oakwood hospital employees by this union.

"B. That if a majority of the employees in the unit described vote for representation by this union, and the hospital has not commenced collective bargaining with it within 10 days following the election, the board initiate action before the appropriate circuit court in equity to enforce the provisions of section 13a, subd (3)(a) of the act as provided for in section 22 of the act."

Attempts to further mediate this dispute between the parties were unsuccessful. The board, upon petition by the plaintiffs for an election on the question of representation, held hearings, and on October 12, 1959, issued an order directing a statutory strike election in a designated unit found by the board to be appropriate on the following question:

"Do you wish to go on strike because of the refusal of the Oakwood Hospital to recognize Local No. 1644 of the American Federation of State, County, and Municipal Employees, AFL–CIO as your bargaining representative in matters of wages, hours and working conditions?"

The election was held on October 21, 1959, and of the approximately 206 eligible voters, 135 voted "yes"; 51 voted "no"; 4 were challenged; 14 did not vote; and there were 2 spoiled ballots.

The board found the election results entitled the employees in the bargaining unit to take strike action under the provisions of the labor mediation act.

The union again made efforts to engage in collective bargaining negotiations with the hospital, and defendant again refused.

Thereafter, plaintiffs instituted this action, on January 20, 1960, to compel defendant to bargain collectively at all times in good faith with Local No. 1644. Plaintiffs sought a temporary mandatory injunction at a hearing on February 5, 1960. Defendant objected, contending such injunction should not issue unless a situation existed where great harm would result to plaintiffs and no injury to defendant. At the hearing plaintiffs offered, and defendant refused, to submit to a representation election to be conducted either by the labor mediation board or the court.

The circuit court held plaintiffs were entitled to a temporary injunction restraining defendant hospital from refusing to bargain in good faith with Local No. 1644 pending the hearing on the merits.

Defendant filed application for leave to appeal from the entry of the order. Leave was denied on March 29, 1960.

The cause came on for trial on the merits on December 6, 1960. Defendant once again refused to consent to a representation election among the employees of the bargaining unit. Plaintiffs then asked the court to conduct a secret ballot election under the court's supervision for its own advice, guidance and information.

After argument, the court entered an order for such election and appointed Mr. Edward P. Frohlich, a member of the State Bar of Michigan, to conduct the election. Leave to appeal from this order was sought by defendant and denied by this Court.

The election was held on February 2, 1961, on the following question:

"Do you wish to be represented for purpose of collective bargaining by Local No. 1644, American Federation of State, County and Municipal Employees, AFL–CIO?"

Mr. Frohlich filed his report on February 3, 1961, and trial was resumed and concluded on February 28, 1961. Mr. Frohlich testified, and certified the results of the election as follows: Yes, 150; no, 49; spoiled ballots, none; challenged voters, 7; total 206.

A final decree was entered by the trial court on April 17, 1961, restraining defendant hospital from refusing to bargain collectively in good faith with Local No. 1644, and ordering defendant to pay Edward P. Frohlich the sum of $655 for services and fees in his capacity as election supervisor.

From this decree the defendant appeals to this Court raising the following questions:

1. Does section 13a, subd (3)(a) or any provision of the Michigan labor mediation act impose upon a hospital employer a duty to bargain collectively with a labor organization where there has never been any recognition of the labor organization by the hospital employer?

2. Is plaintiff Local No. 1644 a "labor organization" within the meaning of the term as defined in the act?

3. Does the Michigan labor mediation act embrace more than one object in its title, contrary to section 21, article 5, of the Michigan Constitution of 1908?

4. Does the Michigan labor mediation act violate the equal protection clauses of the Fourteenth Amendment to the United States Constitution and section 1, article 2, of the Michigan Constitution of 1908?

5. Is section 13a, subd (3)(a) of the act so vague, indefinite and arbitrary as to render it violative of the Fourteenth Amendment to the United States Constitution and section 16, article 2, of the Michigan Constitution of 1908?

6. Was the trial court correct in taxing the election costs against the defendant?

With reference to the first question, the defendant argues that under the Michigan labor mediation act "collective bargaining" is not defined and the act contains no means of determining representatives except under section 9c* in case of a jurisdictional dispute. Defendant then asserts the union is not a party to this dispute since the defendant has never recognized the union as representing the hospital employees.

This Court has held that, under section 8† of the act, employees have the statutory right to organize for the purpose of bargaining with their employer through representatives of their own free choice, and that such right is not conditioned upon the employer's recognition of the representative. *Service Drivers & Car Washers* v. *Labor Mediation Board*, 342 Mich 295. Recognition by the employer has nothing to do with the determination under the Michigan labor mediation act as to whether or not the employer shall bargain collectively.

In the instant case the union presented employee authorization cards to the mediator in sufficient numbers to indicate the union was the choice of the employees to represent them. Once a proper showing has been made that the employees, through application, have selected a union to represent them, the fact of nonrecognition by the employer will not prevent the board from proceeding to hold an elec-

---

* CLS 1956, § 423.9c (Stat Ann 1960 Rev § 17.454[10.2]).—Re-PORTER.

† CL 1948, § 423.8 (Stat Ann 1960 Rev § 17.454[8]).—Reporter.

tion to determine whether the union should be their representative before the labor mediation board. In the *Car Washers Case, supra,* this Court held that section 9a of the act provides for such a determination where the plaintiffs have made a prima facie showing that they were employees and members of the union.

Defendant hospital contends the trial judge was in error in holding that section 13a, subd (3)(a) of the act imposed upon defendant a duty to bargain with the union. Defendant attempts by semantic gymnastics to interpret words, phrases, and clauses of the act to show that the language is not broad enough to apply to recognition disputes involving wages, hours, and conditions of employment. We find no such restrictive meaning. This Court in *Service Drivers & Car Washers* v. *Labor Mediation Board, supra,* and in *General Teamsters Union, Local No. 406,* v. *Uptown Cleaners & Hatters, Inc.,* 356 Mich 204, held the employer has a duty to bargain collectively with the representatives of the employees where a prima facie showing of authorization has been made. Even the dissenting opinion in the *Teamsters Case, supra,* recognizes this duty. See that portion of such dissent on page 239 reading:

"*It may be noted, also, in connection with the legislative history of the mediation act that the legislature, while refusing to accept an amendment to the mediation act requiring all employers to bargain collectively with the representatives of their employees, undertook, in section 13a of PA 1949, No 230 (CLS 1956, § 423.13a [Stat Ann 1950 Rev § 17.454(14.2)]) to impose such obligation in labor disputes involving hospital or public utility employees.* For reasons not material, based on the procedure specified in the handling of such disputes, these amendments relating to disputes of the character indicated were held invalid in *Local 170, Trans-*

port *Workers Union of America* v. *Genesee Circuit Judge,* 322 Mich 332. However, the provision enacted with reference to collective bargaining in the special classes of cases mentioned must be taken to indicate that the legislature did not consider that any general obligation as to collective bargaining by employers was contemplated by the act. Any such general provision would of course have rendered it unnecessary to incorporate the special requirement as to hospital and public utilities." (Emphasis supplied.)

Under the plain language of section 13a, subd (3)(a) of the labor mediation act, a hospital employer has an express duty to bargain collectively at all times. The majority opinion in *General Teamsters Union, Local No. 406,* v. *Uptown Cleaners & Hatters, Inc., supra,* is direct authority for holding that the act in general imposes an implied duty upon all employers to bargain collectively with their employees or their representatives.

No error was committed by the labor mediation board in conducting a representation election on the issue of wages, hours, and conditions where there was a prima facie showing of a majority employee intention to be represented by the union.

The defendant challenged plaintiff union's status as the collective bargaining representative for the hospital employees, alleging plaintiff local was not a "labor organization" within the statutory definition of the term.

Defendant's exhibit 15 is the constitution of the American Federation of State, County and Municipal Employees, AFL–CIO. Article 2 thereof provides that one of its objectives is "to promote the organization of workers generally and of public employees in particular."

Plaintiffs' exhibit 7 is the charter granted by the parent organization to Oakwood Hospital Em-

ployees, Dearborn, Michigan, Local No. 1644. It provides in part:

"The union being duly formed is empowered and authorized to initiate into its membership any person or persons within its jurisdiction in accordance with the constitution of the American Federation of State, County, and Municipal Employees, and as hereafter revised and amended. That jurisdiction shall be as follows: Employees of Oakwood Hospital in Dearborn, Michigan, who are within the jurisdiction of the AFSC&ME.

"Provided, however, that the international executive board shall have power for good cause and after notice and hearing, to enlarge or restrict such jurisdiction."

Defendant's contention is that plaintiff Local No. 1644 exists solely for the purpose of dealing with public or governmental employers. Defendant hospital is not a public or governmental employer. Therefore, defendant argues that Local No. 1644 is not a labor organization as defined in section 2, subd (g) of the act* and has no standing to seek the relief prayed.

In view of the above exhibits, we believe the trial judge was correct in holding that Local No. 1644 came within the definition of a labor organization as set forth in the act.

Defendant argues the labor mediation act is unconstitutional because it violates the equal protection clauses of the Federal and State Constitutions.† The general principles relating to equal protection of the law under our State and Federal Constitutions have long recognized the rule that the legislative body is not precluded from resorting to classification under the police power if the classification is reasonable, not arbitrary, rests on some valid

---

* CL 1948, § 423.2 (Stat Ann 1960 Rev § 17.454[2]).—REPORTER.
† US Const, Am 14; Mich Const (1908), art 2, § 1.—REPORTER.

distinction, and has a fair and substantial relation to the object of the legislation so that all persons within the class shall be treated alike.

Defendant hospital argues that—since the act purports to cover the entire field of labor relations —hospitals and public utilities may not be singled out because "the relative consequences of industrial strife are no basis for a discrimination in treatment in an act whose broad and common purpose is to promote industrial peace." This argument has no real merit, since the provisions of the act with reference to hospitals and public utilities obviously indicate the health and welfare of the public is necessarily contingent on their continued operation unaffected by strikes and discord. Such a distinction has a direct and substantial relation to the purpose of the act—"to promote industrial peace"—and the well-being of society necessarily permits a classification of this kind. To single out hospitals and public utilities was for the purpose of making sure they continued to operate to protect the health of the public generally without industrial strife. A long line of decisions of the Michigan and United States Supreme Courts support the rule that the legislative body may classify as long as the classification is not unreasonable, arbitrary, or capricious. The classification of hospitals and public utilities could not be held to be unreasonable, arbitrary, or capricious.

Defendant hospital further argues that section 13a, subd (3)(a), is void in that it is "vague, indefinite, and arbitrary." No such interpretation could be placed upon the clear language of this section, which reads in part:

"The parties to a hospital or public utility dispute shall be obligated under this act to bargain collectively at all times."

There is nothing vague, indefinite, or arbitrary about this language. Its meaning is clear. The duty imposed upon defendant hospital in this case was simply this—to bargain collectively at all times.

Defendant hospital raises the question of whether the title to the act embraces more than 1 object, contrary to section 21 of article 5 of the Michigan Constitution of 1908. Numerous cases have held that the "object" of a statute is the general purpose or aim of the enactment. The legislature may empower a body created by it to do everything requisite, necessary, or expedient to carry out the principal objective to be attained. Legislation, if it has a primary object, is not invalid because it embraces more than 1 means of attaining its primary object. *In re Brewster Street Housing Site,* 291 Mich 313.

It is apparent the act has a single general object —the regulation of labor disputes within the State. It, therefore, meets the provisions of section 21 of article 5 of the State Constitution.

Lastly, the defendant contends it should not have borne the expenses of the election supervisor appointed by the trial court. The court was faced with the determination of a fact question as to whether plaintiff union represented a majority of the workers of defendant hospital. It was agreed by both counsel that one way of arriving at the facts would be to subpoena all 250 employees and ask if they were members of the union. The chancellor decided such a procedure would be a cumbersome, expensive, and long-drawn-out affair and would constitute an unnecessary burden on the court, the defendant, and the plaintiffs. The alternative was to conduct an election under the supervision of the court. The case was adjourned until such an election could be held.

Under the above circumstances, we do not believe the court exceeded its power as chancellor by holding the election.

The court made inquiry of the parties whether the referee costs should be apportioned prior to the election or await final decree. Plaintiffs' counsel indicated they would prefer the expense await final disposition of the case. Defendant's counsel commented, "We would not undertake voluntarily to pay any of the costs, I will say that much."

CL 1948, § 647.6 (Stat Ann 1943 Rev § 27.2524), provides:

"In all other cases where no special provision shall be made by law, the costs of all suits and proceedings in chancery shall be paid by such party as the court shall direct."

This litigation, including the election, was caused by defendant hospital's arbitrary and unreasonable refusal to bargain collectively. We believe the assessment of the costs was within the discretion of the trial judge and under the circumstances we do not believe he abused that discretion. See *Boyce* v. *Wendt*, 305 Mich 254.

The decree of the trial court is affirmed. Plaintiffs shall have costs.

BLACK and OTIS M. SMITH, JJ., concurred with KAVANAGH, J.

CARR, C. J. This case involves the validity of certain provisions of the State labor mediation act in its present form. Plaintiffs brought suit in equity to compel defendant hospital to enter into collective bargaining with them with reference to certain labor disputes. Plaintiffs had decree in the trial court granting the relief sought and defendant hospital has appealed, raising questions of validity of provisions of the act as amended based on claims of

alleged arbitrary procedure and violation of constitutional guaranties.

In *Local 170, Transport Workers Union of America,* v. *Genesee Circuit Judge,* 322 Mich 332, this Court held invalid provisions of PA 1947, No 318, amending the mediation act in such manner as to provide for compulsory arbitration of labor-management disputes between public utilities, municipally-owned utilities, and hospitals, by an appointive board of which a circuit judge of the State was required to be member and chairman. The act of 1947 was held unconstitutional in the majority opinion of this Court solely on the ground that the attempt to confer administrative powers upon a circuit judge was inseparably involved in the amendatory act, rendering it invalid on the theory that the act was meaningless without the appointment of the arbitration board for which provision was made. It may be noted that the act of 1947 was questioned on other grounds involving constitutional provisions. However, the opinion of the majority of the Court, being based *solely* and expressly on the requirement that a circuit judge should be a member of the arbitration board, would appear to be an implied rejection of the other grounds of attack.

Following the decision referred to, the legislature by PA 1949, No 230, again amended the mediation act by including in the title thereof a provision stating that it covered methods for the settlement of hospital and public utility labor disputes, and by substantially re-enacting, with certain changes and extensions, the sections added by PA 1947, No 318, which had been held invalid in the case above cited. Section 13 of the act as so amended (CLS 1956, § 423.13 [Stat Ann 1960 Rev § 17.454(14)]) specifically provided that sections 13a to 13g, inclusive, should be applicable only to public utility employers and employees, hospital employers and employees,

and to labor organizations representing or seeking to represent such employees. In section 13a, subd (3)(a), was incorporated a provision reading as follows:

"The parties to a hospital or public utility dispute shall be obligated under this act to bargain collectively at all times."

As pointed out in the dissenting opinion in *General Teamsters Union, Local No. 406,* v. *Uptown Cleaners & Hatters, Inc.,* 356 Mich 204, 239, the inclusion in the amended act of specific provisions with reference to collective bargaining clearly indicated that the legislature did not consider that such duty was imposed on employers generally. Otherwise the specific reference to utilities and hospitals would have been wholly unnecessary. However, we are not concerned in the instant case with the question as to the duty of all employers, regardless of the nature of the business involved, to bargain collectively in the event of a labor dispute with employees.

Defendant hospital is clearly subject to the specific provision above quoted from section 13a as contained in the amendatory act of 1949, unless such provision is invalid on 1 or more of the grounds urged by appellant. In part, such objections are analogous to those advanced in *Local 170, Transport Workers Union of America,* v. *Genesee Circuit Judge, supra,* and, as above pointed out, apparently rejected in the majority opinion of this Court. Without going into the questions raised in detail, we are not persuaded that the legislature exceeded its authority in the enactment of PA 1949, No 230. The power of a legislative body to classify for purposes of regulation under the general police power is commonly recognized. Dealing with public utilities and hospitals clearly involved considerations not present as a rule in disputes between employers and em-

ployees in commercial and industrial enterprises. The public interest is involved and the legislature obviously deemed it expedient to protect the welfare of the people of the State generally by obviating, if possible, cessation of operations of public utilities and of hospitals devoted to the care of the sick and injured. Bearing in mind the object to be attained, we do not think it can be said that the means adopted by legislative action are arbitrary or unreasonable to such an extent as to violate constitutional guaranties. We conclude that the State mediation act, as amended by PA 1949, No 230, is not invalid.

In circuit court the question arose whether the unions represented a majority of defendant's employees. To determine that issue the trial judge, with the approval of the plaintiffs but against the objections of the defendant, proceeded to conduct an election by said employees, appointing a referee to take immediate charge of the proceeding. Subsequently the referee's compensation and expenses, amounting to $655, were charged by the decree entered in the case against the defendant hospital. The record clearly indicates that plaintiffs strongly favored the action taken, and it obviously was to the advantage of both parties to the case, as well as for the assistance of the court, to have the question at issue definitely settled in advance of further proceedings. Under the circumstances we think that the sum found to be due to the referee should have been divided equally, each party being required to pay 1/2 thereof.

The decree entered by the trial court should be amended accordingly, and otherwise affirmed. Plaintiffs are entitled to costs on this appeal.

Dethmers and Kelly, JJ., concurred with Carr, C. J.

Souris and Adams, JJ., did not sit.