## BUILDERS SQUARE v DEPARTMENT OF AGRICULTURE

Docket No. 107825. Submitted February 14, 1989, at Lansing. Decided April 17, 1989. Leave to appeal applied for.

The Weights and Measures Division of the Department of Agriculture informed Builders Square, a Delaware corporation licensed to do business in Michigan, that it was in violation of the item pricing and deceptive advertising act and gave Builders Square forty-five days to achieve compliance with the act. Builders Square filed suit against the Department of Agriculture and others in Ingham Circuit Court seeking injunctive relief, arguing that the act violated the title-object clause of the Michigan Constitution. The court, James R. Giddings, J., granted summary disposition in favor of Builders Square, finding that the act contains at least two objects and therefore violates the title-object clause. Defendants appealed.

The Court of Appeals *held:*

The item pricing and deceptive advertising act does not violate the title-object clause of the Michigan Constitution. The purpose of the title-object clause, the prevention of the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection, has been met by the item pricing and deceptive advertising act. The title of the act provides sufficient notice of the provisions of the act. The two objectives of the act, regulation of pricing and advertising, are not so diverse in nature as to be at odds with the constitution. Furthermore, the objects are consistent with the overall purpose, consumer protection.

Reversed.

1. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The purpose of the title-object clause of the Michigan Constitution is to prevent the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection; the goal of the clause is notice, not restriction of legislation, and the clause

REFERENCES
Am Jur 2d, Statutes §§ 97 *et seq.*

is violated only where the subjects are so diverse in nature that they have no necessary connection (Const 1963, art 4, § 24).

2. CONSTITUTIONAL LAW — STATUTES — TITLE-OBJECT CLAUSE.

The title of an act need not serve as an index of all the act's provisions; if the act has one general object or purpose which is comprehensively declared in the title, the title-object clause of the Michigan Constitution is satisfied (Const 1963, art 4, § 24).

3. CONSTITUTIONAL LAW — ITEM PRICING AND DECEPTIVE ADVERTISING ACT — TITLE-OBJECT CLAUSE.

The item pricing and deceptive advertising act does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24).

*Deborah L. Miela* and *Charlene J. Haines,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frederick H. Hoffecker* and *Suzanne L. Wilhelm,* Assistant Attorneys General, for defendants.

Amici Curiae:

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Theodore Sachs* and *Mary Ellen Gurewitz),* for Michigan State AFL-CIO.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Haywood Julian,* Assistant Attorney General, for Speaker of the House, Michigan House of Representatives.

Before: MURPHY, P.J., and WEAVER and McDONALD, JJ.

McDONALD, J. Defendants appeal as of right from a circuit court opinion and order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of plaintiff, finding that the item pricing

and deceptive advertising act, MCL 445.351 *et seq.*; MSA 19.853(11) *et seq.*, was enacted in violation of the title-object clause of the 1963 Michigan Constitution, art 4, § 24. We reverse.

Plaintiff is a Delaware corporation licensed to do business in Michigan. As a merchandiser of consumer items, plaintiff is subject to the terms of the item pricing and deceptive advertising act. Defendant, the Weights and Measures Division of the Michigan Department of Agriculture, is empowered to implement and enforce the act, MCL 445.352; MSA 19.853(12). Plaintiff was informed of its noncompliance with the act on January 31, 1986. Defendant gave plaintiff forty-five days to achieve compliance. Although plaintiff originally agreed to the terms of compliance, on March 3, 1986, plaintiff sought injunctive relief from the same.

Both parties moved for summary disposition pursuant to MCR 2.116(C)(1). After review of both motions and oral arguments, the trial court treated the motions as if they were brought pursuant to MCR 2.116(C)(10) and granted summary disposition in favor of plaintiff. The trial court found that the act contains at least two objects and therefore violates the title-object clause of the 1963 Michigan Constitution.

It is well established that legislation challenged on a constitutional basis is clothed in a presumption of constitutionality. *Johnson v Harnischfeger Corp,* 414 Mich 102; 323 NW2d 912 (1982); *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978). Every reasonable presumption must be indulged in favor of an act's constitutionality. *Rohan v Detroit Racing Ass'n,* 314 Mich 326; 22 NW2d 433 (1946).

The title-object clause of the Michigan Constitution provides:

No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title. [Const 1963, art 4, § 24.]

Our Supreme Court in *Kuhn v Dep't of Treasury,* 384 Mich 378, 387-388; 183 NW2d 796 (1971), observed:

This Court has long and consistently said that art 4, § 24, and similar "one object" provisions in earlier constitutions, are to be construed reasonably "and not in so narrow and technical a sense as unnecessarily to embarrass legislation." *Ryerson v Utley* (1868), 16 Mich 269, 277, citing *People, ex rel Drake v Mahaney,* (1865) 13 Mich 481, 494.

The purpose of the title-object clause is to prevent the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 467; 208 NW2d 469 (1973), citing *People v Carey,* 382 Mich 285; 170 NW2d 145 (1969). The goal of the title-object clause is notice, not restriction of legislation, and the title-object clause is only violated where the subjects are so diverse in nature that they have no necessary connection. *Constitutionality of 1972 PA 294, supra,* p 467. The object of a law is its general purpose or aim. *Local No 1644, AFSCME v Oakwood Hospital Corp,* 367 Mich 79; 116 NW2d 314 (1962); *City of Livonia v Dep't of Social Services,* 423 Mich 466; 378 NW2d 402 (1985). A statute may authorize the doing of all things which further its general purpose. *Constitutionality of 1972 PA 294, supra,* p 466, quoting *Kuhn, supra,* pp 387-388.

Where the issue is the sufficiency of notice provided by the title, the title need not serve as an index of all the act's provisions. *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974). The Michigan Supreme Court in *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977), held whether a provision is germane to its purpose depends upon its relationship to the object of the act. It should be noted that Michigan courts have accorded different treatment to laws which attempt to codify certain areas of the law. The *Midland Twp* Court observed:

> As with codifications, an act providing for the functioning of a city covers many subjects which might have been dealt with in separate acts. The object of such an act is necessarily broad-ranging and comprehensive. "The home rule act and other acts providing for the incorporation of cities and other units of local government have been interpreted as having as their object anything germane to their functioning." *Detroit Board of Street Railway Commissioners v Wayne County,* 18 Mich App 614, 623; 171 NW2d 669 (1969). [*Midland Twp,* p 654.]

The title of the item pricing and deceptive advertising act states:

> AN ACT to regulate the pricing of consumer items and the advertising of consumer items, services, goods, merchandise, commodities, and real property; to prescribe the powers and duties of certain state and local officials in relation thereto; to provide remedies and penalties; and to repeal certain acts and parts of acts.

The act requires that all consumer items offered for retail sale be priced clearly and conspicuously, MCL 445.353(1); MSA 19.853(13)(1), regulates ad-

vertisements of consumer items which are being offered for sale or at a special price, MCL 445.355; MSA 19.853(15), prohibits deceptive and misleading advertising, MCL 445.356; MSA 19.853(16), and prohibits discrimination in advertisement of real property, MCL 445.357; MSA 19.853(17). In passing this act, the Legislature repealed §§ 445.801 to 445.809 of the Compiled Laws of 1970. MCL 445.363; MSA 19.853(23). In 1976, the Legislature repealed the deceptive advertising act, MCL 445.801 to 445.809; MSA 19.853(1) to 19.853(9), and incorporated its provisions into the item pricing and deceptive advertising act, MCL 445.351 to 445.364; MSA 19.853(11) to 19.853(24). See 1976 PA 449, effective January 1, 1978.

We do not believe the item pricing and deceptive advertising act violates the title-object clause of the Michigan Constitution. The purpose of title-object clause, namely notice, was satisfied. Although dissimilar, the act's two objectives, regulation of pricing and advertising, are not so diverse in nature as to be at odds with the constitution. Further, the objects are consistent with the overall purpose, consumer protection. Since the title of the act need not be an index of its provisions, it is inconsequential that the act fails to mention consumer protection. A fair reading of the title demonstrates its purpose.

This conclusion is further buttressed by the fact that although the act does not employ the word "code," it appears to be an attempt by the Legislature to codify specific areas of the law under the banner of consumer protection. In passing the act, the Legislature repealed various sections of the law and unified them under one banner. As the title of the act provides adequate notice of its content, we find it does not violate the title-object clause of the constitution and, therefore, find the

trial court's grant of summary disposition in favor of plaintiff on this ground improper.

We decline to address plaintiff's remaining claims regarding the invalidity of the act as these claims were never decided by the trial court. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672; 423 NW2d 311 (1988).

Reversed.