PETRUS v DICKINSON COUNTY BOARD OF COMMISSIONERS

Docket No. 113868. Submitted May 14, 1990, at Marquette. Decided
June 18, 1990. Leave to appeal denied, 435 Mich —.

George E. Petrus and other taxpayers of Dickinson County filed a
complaint for declaratory judgment in Dickinson Circuit Court
alleging, inter alia, that defendant, the Dickinson County
Board of Commissioners, contemplated a reorganization of Dic-
kinson County Memorial Hospital from a public tax-supported
hospital to a nonprofit hospital corporation pursuant to the
County Health Facilities Corporations Act (1987 PA 230). Plain-
tiffs sought a judgment declaring that the act is unconstitu-
tional and that they would suffer harm as taxpayers if reorga-
nization were implemented. Plaintiffs argued that the antici-
pated transfer would deprive them of an accounting of public
monies and that they would lose their vested interest in their
hospital. Plaintiffs also sought an order enjoining defendant
from performing acts of transfer under the act. The court,
Francis D. Brouillette, J., held that 1987 PA 230 violates
neither the United States nor the Michigan Constitution. Plain-
tiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs' arguments that a vote of the electorate should
be necessary in order to dissolve the hospital, that certain
contractual rights between the state and the county residents
have been created by statute which cannot be impaired by the
act, and that the trial court misconstrued the provisions of the
act as requiring the county to take affirmative acts to incorpo-
rate were not raised before the trial court. Because no miscar-
riage of justice will result from failure to do so, these argu-
ments will not be addressed on appeal.

2. 1987 PA 230 does not violate the constitutional guarantees
regarding equal protection and due process of law.

3. Plaintiffs' argument that 1987 PA 230 provides for an

REFERENCES

Am Jur 2d, Administrative Law §§ 103-122; Constitutional Law
§§ 212-225, 347, 744, 746, 754, 755, 804, 825; Statutes §§ 97-99,
102, 119-126, 346.

See the Index to Annotations under Counties; Cretit; Delegation of
Power; Due Process; Equal Protection of Law; Hospitals.

unlawful delegation of power to a health facility corporation is not properly raised on appeal because plaintiffs failed to state which constitutional provision is offended by the act's allegedly impermissible delegation of power.

4. 1987 PA 230, when read as a whole, does not lack adequate standards or constitute an arbitrary delegation of legislative power. The governmental and proprietary powers given municipal health care facility corporations are only those necessary to efficiently perform their administrative functions.

5. 1987 PA 230 does not violate the title-object clause of the Michigan Constitution.

6. 1987 PA 230 does not violate the constitutional provisions against the lending of credit and investing in the stock of a corporation by the state.

7. Plaintiffs' argument that 1987 PA 230 violates the constitutional provision that the state may not subscribe to or be interested in the stock of any corporation except for purposes of retirement or pension plans was not raised in the trial court and will not be addressed on appeal.

8. The trial court correctly determined that hospitals established under 1987 PA 230 are public corporations with borrowing power under the act to fulfill their purpose as providers of health services and that those powers do not conflict with Const 1963, art 9, § 13.

9. Plaintiffs' argument that 1987 PA 230 includes unconstitutional provisions regarding debt limitations for counties was not raised at the trial level and will not be addressed on appeal.

10. 1987 PA 230 is not unconstitutionally vague or overbroad. Affirmed.

1. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT — CONSTITUTIONAL LAW — EQUAL PROTECTION.

The equal protection guarantee does not require that persons under different circumstances be treated the same; the County Health Facilities Corporations Act does not violate the equal protection guarantee (US Const, Am XIV; Const 1963, art 1, § 2; MCL 331.1101 et seq.; MSA 14.1148[101] et seq.).

2. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT — CONSTITUTIONAL LAW — DUE PROCESS.

The due process clauses of the United States and Michigan Constitutions apply when government action deprives a person of a liberty or property interest; the County Health Facilities Corporations Act does not violate anyone's due process rights

(US Const, Am XIV; Const 1963, art 1, § 17; MCL 331.1101 *et seq.*; MSA 14.1148[101] *et seq.*).

3. STATUTES — CONSTITUTIONALITY — PRESUMPTIONS.

Legislation challenged on a constitutional basis is clothed in a presumption of constitutionality; every reasonable presumption must be indulged in favor of a statute's constitutionality.

4. APPEALS — PRESERVING QUESTION — CITATION OF AUTHORITY.

A party which fails to cite authority for its position on an issue fails to properly raise the issue on appeal.

5. ADMINISTRATIVE LAW — DELEGATION OF POWER — STATUTES.

The guiding principles in determining whether a statute provides sufficient standards for delegation of authority are: (1) the act in question must be read as a whole and the provision in question construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; (3) if possible, the statute must be construed as valid, i.e., it must be construed as conferring administrative, not legislative, power and as giving discretionary, not arbitrary, authority; and (4) the statute must satisfy due process requirements.

6. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT — DELEGATION OF LEGISLATIVE POWER.

The County Health Facilities Corporations Act, when read as a whole, does not lack adequate standards or constitute an arbitrary delegation of legislative power; it merely gives municipal health care facility corporations sufficient governmental and proprietary powers to efficiently perform their administrative functions (MCL 331.1101 *et seq.*; MSA 14.1148[101] *et seq.*).

7. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The purpose of the title-object clause of the Michigan Constitution is to prevent the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection; the goal of the clause is notice, not restriction of legislation, and the clause is violated only where the subjects are so diverse in nature that they have no necessary connection (Const 1963, art 4, § 24).

8. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The County Health Facilities Corporations Act does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24).

9. CONSTITUTIONAL LAW — STATE — LENDING OF CREDIT — INVESTING
   IN STOCK OF CORPORATIONS.

   The constitutional provisions against the lending of credit and
   investing in the stock of a corporation by the state are not
   violated where the state acquires or transfers something of
   value; those provisions are violated only when the state creates
   an obligation legally enforceable against it for the benefit of
   another (Const 1963, art 9, § 18).

10. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT —
    CONSTITUTIONAL LAW — STATE — LENDING OF CREDIT — IN-
    VESTING IN STOCK OF CORPORATIONS.

    The County Health Facilities Corporations Act does not violate
    the constitutional prohibitions against the state lending credit
    or investing in the stock of a corporation (Const 1963, art 9,
    § 18).

11. HOSPITALS — COUNTY HEALTH FACILITIES CORPORATIONS ACT —
    SUBSIDIARY CORPORATIONS.

    "Subsidiary corporations" as defined by the County Health Facili-
    ties Corporations Act are municipal entities and, therefore,
    public corporations (MCL 331.1103[d],[o]; MSA 14.1148[103]
    [d],[o]).

12. STATUTES — CONSTITUTIONAL LAW — VAGUENESS — DUE PROCESS.

    The "void for vagueness" doctrine is derived from the constitu-
    tional guarantee that the state may not deprive a person of life,
    liberty, or property without due process of law; a statute may
    be challenged for vagueness on the ground that it (1) is over-
    broad, impinging on First Amendment freedoms, (2) does not
    provide fair notice of conduct which is proscribed, or (3) is so
    indefinite that it confers unstructured and unlimited discretion
    on the trier of fact to determine whether an offense has been
    committed; a statute which either forbids or requires the doing
    of an act in terms so vague that men of common intelligence
    must necessarily guess at its meaning and differ as to its
    application violates the first essential of due process of law (US
    Const, Am XIV; Const 1963, art 1, § 17).

13. STATUTES — JUDICIAL CONSTRUCTION.

    Courts should construe statutes, whenever possible, in such a
    manner as to render them constitutional and must look to the
    entire text of a statute to determine whether it is sufficiently
    certain in its terms.

14. STATUTES — JUDICIAL CONSTRUCTION — CONSTITUTIONAL LAW —
    VAGUENESS.

    Challenges, on the basis of vagueness, to statutes which do not

involve First Amendment freedoms are to be examined in light of the facts of the case at hand.

*Bauckham, Reed, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham* and *Carol J. Hustoles*), for plaintiffs.

*Michael J. Kusz,* Dickinson County Prosecuting Attorney, for Dickinson County Board of Commissioners.

Amicus Curiae:

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Robert W. Stocker, II, Paula R. Latovick* and *Kathleen E. Kane*), for Ingham Medical Center.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

GRIFFIN, J. Plaintiffs appeal as of right from a lower court order and opinion upholding the constitutionality of the County Health Facilities Corporations Act, 1987 PA 230, MCL 331.1101 *et seq.*; MSA 14.1148(101) *et seq.* We affirm.

I

Plaintiffs are taxpayers of Dickinson County. Their June 6, 1988, complaint for declaratory judgment alleged, inter alia, that defendant, the Dickinson County Board of Commissioners, contemplated a reorganization of Dickinson County Memorial Hospital, pursuant to MCL 331.1203; MSA 14.1148(203), § 203 of 1987 PA 230, from a public tax-supported hospital to a nonprofit hospi-

tal corporation.[1] Plaintiffs alleged that 1987 PA 230 (hereinafter referred to as Act 230) is unconstitutional and that they would suffer harm as taxpayers if reorganization were implemented. Plaintiffs argued that the anticipated transfer would deprive them of an accounting of public monies and that they would lose their vested interest in their hospital.

Plaintiffs requested a judgment declaring Act 230 to be unconstitutional and enjoining the board from performing acts or transfers under Act 230. Dickinson Circuit Judge Francis D. Brouillette in a comprehensive and well-reasoned opinion held that Act 230 does not violate either the Michigan Constitution or the United States Constitution.

---

[1] The purposes of the act are summarized in the House Legislative Analysis of the bill which became 1987 PA 230:

> The statutes that govern county hospitals are more than 40 years old, in the case of Public Act 109, and more than 70 years old, in the case of Public Act 350. Over the years, the operation of hospitals has changed dramatically. Unfortunately, county hospitals established under these acts have not been able to adjust to the changing health care industry because of the limiting provisions in these acts. Furthermore, these hospitals generally are located in small towns that face losing their acute patient care facilities if action is not taken to allow the hospitals to compete in the health care market.
>
> County hospitals, like other government hospitals, confront declining property tax revenues, bonding limitations, geographic restrictions, cumbersome purchasing requirements, limitations on mergers and affiliations, and a host of other challenges. In addition, the limited wording of their enabling legislation prevents county hospitals from diversifying into other health care areas, such as outpatient clinics and "meals on wheels" for aged and disabled persons; stifles growth, competitiveness, and long-term financial stability; and restricts statutory authority to borrow money. Because of these difficulties, some county hospitals have been sold or incorporated, or have taken actions that were not legal under the current law, in a desperate attempt to change their financial situation. Senate Bill 267 would provide relief in these areas as well as give county hospitals more flexibility in their operations in order to stay alive. Thus, the bill would enhance the corporate powers of county hospitals by allowing the hospitals to become separate and distinct entities for financial and business reasons, but remain under county control. [House Legislative Analysis, SB 266 & 267, First Analysis, November 10, 1987.]

II

On appeal, plaintiffs raise eight issues, none of which have merit. First, plaintiffs argue that the trial court erred in its "construction of applicable constitutional provisions," in that its opinion fails to take into account the "unique nature of the Dickinson County Public Hospital."

It is difficult to glean a reviewable issue from plaintiffs' first argument on appeal. Plaintiffs apparently assert the following in this portion of their brief: (1) the trial court failed to read Act 230 in conjunction with 1913 PA 350 (hereinafter referred to as Act 350) to the effect that, because Dickinson County Hospital was formed by a vote of the electorate, a vote of the electorate should be necessary in order to dissolve the hospital; (2) Act 350 created contractual rights between the state and the county residents which cannot be impaired by Act 230; and (3) the lower court has misconstrued the provisions of Act 230 as requiring the county to take affirmative acts to incorporate, when the act provides just the opposite, i.e., that the county must take affirmative steps each year *not* to incorporate.

These arguments were not raised before the trial court and therefore are not properly before us on appeal. *Bajis v City of Dearborn,* 151 Mich App 533, 536; 391 NW2d 401 (1986), lv den 426 Mich 874 (1986). However, we may grant review if failure to consider the issue would result in a miscarriage of justice. *American Way Service Corp v Comm'r of Ins,* 113 Mich App 423; 317 NW2d 870 (1982).

No miscarriage of justice will result from our failure to address these questionable arguments. Act 230 permits the hospital to remain as it was created under Act 350 and takes away none of the

"rights" claimed if plaintiffs' elected representatives on the county board of commissioners act to exempt their hospital from the provisions of Act 230, pursuant to MCL 331.1203(1); MSA 14.1148(203)(1). Thus, no changes will take effect if plaintiffs' elected officials act to exempt the hospital from the provisions of Act 230. Plaintiffs possess adequate remedies which lie with the legislative branch of government.

III

For their second issue on appeal, plaintiffs argue that Act 230 violates the constitutional guarantees regarding equal protection and due process of law. We disagree.

A

Plaintiffs assert that Act 230 violates equal protection principles because counties with populations of less than 100,000, which do not already have a county hospital, may vote to establish and incorporate a county hospital under Act 230, yet residents of counties which already have a public hospital are denied the same right to vote on the issue of incorporation.

Absent a fundamental right or suspect classification, a legislative classification does not violate equal protection guarantees if it has a rational basis. US Const, Am XIV; Const 1963, art 1, § 2; *Sutton v Cadillac Area Public Schools,* 117 Mich App 38, 43; 323 NW2d 582 (1982). The equal protection guarantees require that persons under similar circumstances be treated alike. *El Souri v Dep't of Social Services,* 429 Mich 203, 207; 414 NW2d 679 (1987). Equal protection does not require that persons under different circumstances

be treated the same. *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 86-87; 408 NW2d 109 (1987), lv den 429 Mich 870 (1987).

Plaintiffs' claim of an equal protection violation by Act 230 is without merit. Section 201 of Act 230 provides:

> Any county board of commissioners of a county not having a county public hospital on the effective date of this act may incorporate 1 or more corporations under this act. Except as provided in sections 203 and 204, and except in counties having a population of 100,000 or more as determined by the most recent published federal decennial census, the question of establishing a corporation shall be presented to the county electors at a special or regular county election prior to incorporation. The election proceedings under this section shall be conducted in accordance with the Michigan election law, Act No. 116 of the Public Acts of 1954, being sections 168.1 to 168.992 of the Michigan Compiled Laws [MSA 6.1001-6.1992]. [MCL 331.1201; MSA 14.1148(201).]

Plaintiffs argue that this provision treats their county[2] in a manner different than similar counties with less than 100,000 residents which do not have an established hospital, in that the latter may vote to incorporate a private nonprofit hospital, whereas the former's existing county public hospital is automatically converted under § 203 of the act unless affirmative actions are taken by the county's board of commissioners.

However, § 201 clearly applies only to counties which do not have an existing county public hospital. All counties which have an existing county hospital organized under Act 350 are treated in

___

[2] The population of Dickinson County in 1980 was 25,341.

the same manner regardless of population. Section 203 provides in pertinent part:

> Upon the expiration of 90 days after the effective date of this act, a county public hospital organized and existing under Act No. 350 of the Public Acts of 1913, being sections 331.151 to 331.169 of the Michigan Compiled Laws [MSA 14.1131-14.1148], or Act No. 109 of the Public Acts of 1945, being sections 331.201 to 331.213 of the Michigan Compiled Laws [MSA 14.1150(1)-14.1150(13)], on the effective date of this act shall be considered to be a corporation incorporated and existing under this act without the adoption or filing of articles of incorporation, without a vote of county electors, and without diminishing the terms of office of persons serving as trustees on the effective date of this act. A county public hospital shall not be considered to be a corporation incorporated and existing under this act upon the expiration of the 90-day period if, within the 90-day period, the county board of commissioners of the county in which the county public hospital is located passes a resolution prohibiting incorporation of the county public hospital under this act. Any such resolution shall be effective for not longer than 12 months after the date of passage. Before the expiration of the 12-month period, and annually thereafter, the county board of commissioners may pass a succeeding resolution prohibiting the incorporation of the county public hospital under this act. If the county board of commissioners fails to pass a succeeding resolution before the expiration of a 12-month period, the county public hospital automatically shall be incorporated under this act. The county board of commissioners of the county may at any time after the effective date of this act adopt articles of incorporation for the corporation in accordance with section 206. Until such time as any such articles of incorporation are effective, the provisions of this act shall be considered to constitute the articles of incorporation of the corporation. Unless and until articles of incor-

poration providing different numbers of trustees or terms of office are effective, corporations governed by Act No. 350 of the Public Acts of 1913 on the effective date of this act shall have a board of 9 trustees serving 6-year terms, and corporations governed by Act No. 109 of the Public Acts of 1945 on the effective date of this act shall have a board of 5 trustees serving 3-year terms. [MCL 331.1203(1); MSA 14.1148(203)(1)].

Thus, all persons situated similarly to plaintiffs are treated alike. Counties having an existing county public hospital organized under Act 350 are regulated in a like manner under § 203 of Act 230. Section 201 applies to persons in circumstances different than plaintiffs, i.e., counties which do not have an existing county public hospital. The act therefore does not violate plaintiffs' rights to equal protection.

B

Plaintiffs also claim that Act 230 violates procedural and substantive due process rights under both US Const, Am XIV, and Const 1963, art 1, § 17. Plaintiffs argue that certain rights had vested in residents with Act 350 hospitals and that Act 230 summarily eradicated those rights with no notice or hearing, in violation of due process.

The due process clauses of the United States and Michigan Constitutions apply when government action deprives a person of a liberty or property interest. *Blue Cross & Blue Shield of Michigan v Comm'r of Ins,* 155 Mich App 723, 731-732; 400 NW2d 638 (1986). Here, plaintiffs have the right to the continuation of the hospital under Act 350 should their elected representatives so desire. Act 230 does not deprive any person of any personal right or personal property right without affording

their representatives an opportunity to accept or reject the invitation. Nor does the act take away any person's rights to any property which they personally own. There is nothing in Act 230 violative of due process.

IV

Plaintiffs' issues three through seven raise various arguments asserting that the trial court erred in ruling that Act 230 is constitutional under the Michigan Constitution. Those arguments are meritless.

Legislation challenged on a constitutional basis is clothed in a "presumption of constitutionality." *Shavers v Attorney General,* 402 Mich 554, 613; 267 NW2d 72 (1978). Every reasonable presumption must be indulged in favor of a statute's constitutionality. *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 342; 22 NW2d 433 (1946). It is a court's duty to construe a statute as constitutional unless the contrary clearly appears. *Id.*

A

Plaintiffs first argue that Act 230 provides for an unlawful delegation of power to a health facility corporation. Plaintiffs assert that the act grants to municipal health care facility corporations power that is not only administrative but policy-making. Plaintiffs further argue that the act lacks sufficient standards and safeguards to guide hospitals in making policy determinations. Plaintiffs point particularly to §§ 301, 303, 304, 505(1), and 505(2) as examples of imprecise standards. These arguments are without merit.

First, plaintiffs have failed to state which constitutional provision is offended by the act's "imper-

missible delegation of power." We will not do plaintiffs' legal research for them, and we find that this issue is not properly raised on appeal. *Dafter Twp v Reid,* 159 Mich App 149, 162; 406 NW2d 255 (1987), lv den 429 Mich 880 (1987).

Plaintiffs also argue that certain provisions of the act are an unconstitutional delegation of legislative power in that they "lack adequate standards to guide the decisions involved." Plaintiffs single out § 303 of the act as an example "where there are *no* standards enumerated to guide a board or subsidiary board to 'establish, modify, discontinue, operate and manage health services, either alone or in conjunction with other entities,' which functions could definately [sic] be considered legislative functions, which would normally be considered policy-making decisions."

In *Attorney General v Public Service Comm,* 161 Mich App 506, 510; 411 NW2d 469 (1987), lv den 429 Mich 879 (1987), a panel of this Court delineated guidelines established by our Supreme Court to determine if adequate standards are present:

> First, the act in question must be read as a whole; the provision in question must be construed with reference to the entire act. Next, the standard should be as reasonably precise as the subject matter requires or permits. Third, if possible, the statute must be construed as being valid, that is, it must be construed as conferring administrative, not legislative, power and as giving discretionary, not arbitrary, authority. Last, the statute must satisfy due process requirements.

Our Supreme Court has also recognized that the constitution must not be regarded as denying legislators the ability to set forth standards that are flexible and practicable enough so that those standards can be adapted to conditions that involve

details with which the Legislature cannot deal practically on an individual basis. *Dukesherer Farms, Inc v Director, Dep't of Agriculture (After Remand)*, 405 Mich 1, 26-27; 273 NW2d 877 (1979), citing *Currin v Wallace*, 306 US 1, 15-16; 59 S Ct 379; 83 L Ed 441 (1939).

Plaintiffs have cited isolated sections of Act 230 to support their argument that insufficient standards have been provided. However, reading Act 230 as a whole and in accordance with the guidelines set forth in *Attorney General, supra,* we conclude that the Legislature has clearly set forth sufficient standards to guide the municipal health care facility hospital in its administrative function.

Section 301, MCL 331.1301; MSA 14.1148(301), provides general authority as granted to corporations in Michigan and is similar to MCL 450.1261(q); MSA 21.200(261)(q) of the Michigan Business Corporation Act.

Sections 303 (MCL 331.1303; MSA 14.1148[303]), 304 (MCL 331.1304; MSA 14.1148[304]), and 305 (MCL 331.1305; MSA 14.1148[305]), set forth an array of additional powers which are specific and reasonable so as to set forth sufficient standards to guide the health care facility.

Act 230, when read as a whole, does not lack adequate standards or constitute an arbitrary delegation of legislative power. The act merely gives municipal health care facility corporations sufficient governmental and proprietary powers to efficiently perform their administrative functions.

B

Plaintiffs next argue that Act 230 violates the title-object clause of Const 1963, art 4, § 24. We disagree.

Const 1963, art 4, § 24 provides:

No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title.

In *Builders Square v Dep't of Agriculture,* 176 Mich App 494, 497-498; 440 NW2d 639 (1989), lv den 433 Mich 912 (1989), this Court summarized the law regarding this issue:

The purpose of the title-object clause is to prevent the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 467; 208 NW2d 469 (1973), citing *People v Carey,* 382 Mich 285; 170 NW2d 145 (1969). The goal of the title-object clause is notice, not restriction of legislation, and the title-object clause is only violated where the subjects are so diverse in nature that they have no necessary connection. *Constitutionality of 1972 PA 294, supra,* p 467. The object of a law is its general purpose or aim. *Local No 1644, AFSCME v Oakwood Hospital Corp,* 367 Mich 79; 116 NW2d 314 (1962); *City of Livonia v Dep't of Social Services,* 423 Mich 466; 378 NW2d 402 (1985). A statute may authorize the doing of all things which further its general purpose. *Constitutionality of 1972 PA 294, supra,* p 466, quoting *Kuhn, supra,* pp 387-388.
      Where the issue is the sufficiency of notice provided by the title, the title need not serve as an index of all the act's provisions. *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Plaintiffs argue that an object of Act 230, not put in the title, is to amend Act 350, Act 109 and other statutes. This argument is ludicrous. A hospital organized and existing under Act 350 may

remain so, unaffected by any of the provisions of
Act 230, so long as the county's board of commis-
sioners acts. Moreover, plaintiffs acknowledge in
their brief that Act 230 did not amend Acts 109
and 350. As noted correctly by the lower court in
its opinion, all of the provisions of Act 230 relate
directly to one object, the incorporation of county
health facilities corporations and subsidiaries for
health care purposes. Plaintiffs' arguments to the
contrary are clearly without merit.

C

Plaintiffs next argue that Act 230 violates Const
1963, art 9, § 18, the provisions against the lending
of credit and investing in the stock of a corpora-
tion by the state. We disagree.

Our Supreme Court has held that where the
state acquires or transfers something of value,
Const 1963, art 9, § 18 is not violated. *Alan v
Wayne County,* 388 Mich 210, 325; 200 NW2d 628
(1972). Courts will respect the judgment of the
Legislature unless there is a clear abuse of discre-
tion. *Alan,* pp 326-327. Const 1963, art 9, § 18 is
violated only when the state creates an obligation
legally enforceable against it for the benefit of
another. *Sprik v Regents of the University of
Michigan,* 43 Mich App 178, 190-191; 204 NW2d 62
(1972), aff'd 390 Mich 84; 210 NW2d 332 (1973).

Plaintiffs argue that Act 230 impermissibly per-
mits the transfer of public property without board
approval. Plaintiffs ignore the fact that if Act 350
hospital property automatically transfers to an
Act 230 hospital, the property remains with a
public entity. See MCL 331.1103(d), (o); MSA
14.1148(103)(d), (o). Moreover, property owned by
an Act 230 hospital reverts to the county when
that hospital corporation is dissolved. MCL
331.1503(1); MSA 14.1148(503)(1).

Plaintiffs also assert that Act 230 violates the above constitutional provision because the public health care facility corporation can transfer property to another "entity." That entity, however, must be another public body and in certain enumerated instances the transfer must be approved by the local elected representatives. MCL 331.1305; MSA 14.1148(305).

The provisions of Act 230 clearly do not violate Const 1963, art 9, § 18.

### D

Plaintiffs also contend that Act 230 violates Const 1963, art 9, § 19, which provides that the state may not subscribe to or be interested in the stock of any corporation except for purposes of retirement or pension plans. This argument is raised for the first time on appeal and is therefore not properly before this Court. *Bajis, supra.* In any event, we fail to see how Act 230 authorizes the state or the governmental unit to purchase or retain an interest in the stock of the hospital corporation, as prohibited by the constitution.

### E

Plaintiffs next claim that Act 230 violates Const 1963, art 9, § 13, which provides:

> Public bodies corporate shall have power to borrow money and to issue their securities evidencing debt, subject to this constitution and law.

Plaintiffs argue that this section is violated because the county health facility corporations and their subsidiaries, created by Act 230, are not public bodies corporate. Plaintiffs argue that sub-

sidiary corporations as defined by Act 230 are not public corporations because they are not specifically designated as public by the act. This is not true. Act 230 indicates clearly that subsidiary corporations are municipal entities and therefore public. MCL 331.1103(d), (o); MSA 14.1148(103)(d), (o).

The trial court therefore correctly determined that hospitals established under Act 230 are public corporations with borrowing power under Act 230 to fulfill their purpose as providers of health services and that those powers do not conflict with Const 1963, art 9, § 13.

F

Plaintiffs next contend that Act 230 includes unconstitutional provisions regarding debt limitations for counties. See Const 1963, art 7, § 11. This issue is not properly before us, having been raised for the first time on appeal. *Bajis, supra.* Given that no evidence has been presented that Dickinson County Memorial Hospital's indebtedness could exceed ten percent by application of any provision of Act 230, we decline to further address this issue.

V

For their final issue on appeal, plaintiffs argue that Act 230 is unconstitutionally vague and overbroad. We disagree.

In *State Treasurer v Wilson (On Remand)*, 150 Mich App 78, 80-82; 388 NW2d 312 (1986), this Court set forth the standards to be used in analyzing a void for vagueness claim:

The "void for vagueness" doctrine is derived

from the constitutional guarantee that the state may not deprive a person of life, liberty, or property, without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. Normally, a statute may be challenged for vagueness on the ground that it (1) is overbroad, impinging on First Amendment freedoms, (2) does not provide fair notice of the conduct proscribed, or (3) is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980); *People v Hayes,* 421 Mich 271, 283; 364 NW2d 635 (1984). The United States Supreme Court has stated that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939). . . .

. . . In addition to notions of due process, principles relating to statutory construction require some degree of definiteness or certainty in the wording of any statute. While this Court will not hesitate to interpret or construe an ambiguous statute in order to effect the intent of the Legislature, when there is absolutely no reasonable and practical construction which can be given to its langauge [sic], such a statute will be declared void. This is true because the statute simply has no substantive content. However, we must be careful not to unduly restrict the ability of the Legislature to function by declaring a statute void where the legislative intent can be discerned through application of judicial rules of construction.

We do not read [provisions of a statute] in a vacuum, but look to the entire text of the statute to determine whether the requisite certainty exists. *Hayes, supra,* p 284. Whenever possible, courts should construe statutes in a manner as to render them constitutional. *Id.* Vagueness challenges to statutes which do not involve First

Amendment freedoms must be examined in light of the facts of the case at hand. *People v Lynch,* 410 Mich 343, 352; 301 NW2d 796 (1981).

In the instant case, plaintiffs have set forth thirteen examples of ambiguity or vagueness. None of the examples violate First Amendment rights. None of the examples deal with any proscribed conduct. None set forth any offenses which defendant could be accused of committing. The statute deals with the establishment and operation of public hospitals by local governmental units. When read as a whole, the provisions of Act 230 are exact and clear. The lower court did not err by ruling that the act is not unconstitutionally vague.

Affirmed. Costs to appellee. We do not retain jurisdiction.